IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ZEN INVESTMENTS, LLC | : | CIVIL ACTION |
| | : | |
| v. | : | NO. 06-4424 |
| | : | |
| UNBREAKABLE COMPANY et al. | : | |

## MEMORANDUM AND ORDER

**Juan R. Sánchez, J.** **October 7, 2008**

The Defendants in this cases –  Robert Vito, the companies he controls and has controlled, and several members of the boards of directors of  those companies – ask this Court to compel Plaintiffs – investment companies controlled by or aligned with John L. Stafford II and John L. Stafford III – to answer with more specificity 43 Requests for Admission.[1]  Because I find the answers sufficient, I will deny the motion.

**FACTS**

This case arises from an investment in 1999 by the Staffords in a company controlled by Vito.  Unbreakable has propounded 43 Requests at the close of discovery to pare the issues for dispositive motions and trial.  Of the 43, the Staffords have admitted three with qualifications and denied the remaining 40.  The Requests and the Staffords' responses are attached as Exhibit A.

---

[1] Vito's companies have evolved from Lawman Armor to half a dozen Unbreakable entities.  Unless the specific entity is material, I will refer to the Vito companies generally as "Unbreakable."  Similarly, the Staffords' investment mechanisms have become Zen Investments, LLC.  Unless specificity is warranted, I will use "Staffords" to designate all of their investment entities as well as the separate investment company, Charlestown LLC.

## DISCUSSION

An admission made under Federal Rule of Civil Procedure Rule 36[2] is an "unassailable statement of fact that narrows the triable issues in the case." *Airco Indus. Gases, Inc. v. Teamsters Health & Welfare Pension Fund*, 850 F.2d 1028, 1037 (3d Cir. 1988).  Rule 36 admissions are also sufficient to support summary judgment.  *Anchorage Assocs. v. Virgin Islands Bd. of Tax Review*, 922 F.2d 168, 176 n.7 (3d Cir.1990).

A request for admission should be in simple and concise terms so it can be denied or admitted with an absolute minimum of explanation or qualification. *Havenfield Corp. v. H & R Block, Inc.*, 67 F.R.D. 93, 96 (W.D. Mo.1973).  A request for an admission should be such that it could be answered yes or no.  *Johnstone v. Cronlund*, 25 F.R.D. 42, 46 (E.D. Pa. 1960).  To compel answers to vague and indefinite questions capable of more than one interpretation and which require an explanation thwarts the purposes of Rule 36(a).  *Id.* at 45.  Requests for admission should not state "half a fact" or "half truths" which require the answering party to qualify responses.  *Dubin v. E.F. Hutton Group Inc.*, 125 F.R.D. 372, 375-76 (S.D.N.Y. 1989).

A party must admit a fact it knows to be true, even if that admission will gut its case and

---

[2]At issue in this case is the sufficiency of the Staffords' answers to Unbreakable's Requests for Admission.  The relevant portion of Rule 36 is section (a)(4) which provides:

> (4) Answer. If a matter is not admitted, the answer must specifically deny it or state in detail why the answering party cannot truthfully admit or deny it. A denial must fairly respond to the substance of the matter; and when good faith requires that a party qualify an answer or deny only a part of a matter, the answer must specify the part admitted and qualify or deny the rest. The answering party may assert lack of knowledge or information as a reason for failing to admit or deny only if the party states that it has made reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny.

Fed. R. Civ. P. 36(a)(4).

subject it to summary judgment. *Langer v. Monarch Life Ins. Co.*, 966 F.2d 786, 803 (3d Cir. 1992) (holding summary judgment improper based on requests for admission on subjective beliefs). Requests for admission are properly objectionable when they call for a conclusion of one of the ultimate issues in the case. *Lehmann v. Harner*, 31 F.R.D. 303, 303 (D. Md. 1962). One party cannot demand the other party admit the truth of a legal conclusion. *Disability Rights Council of Greater Wash. v. Wash. Metro. Area Transit Auth.*, 234 F.R.D. 1, 1 (D.D.C.2006) (citations omitted). Where issues in dispute are requested to be admitted, a denial is a perfectly reasonable response. *United Coal Cos. v. Powell Constr. Co.*, 839 F.2d 958, 967 -68 (3d Cir. 1988) (holding the district court erred when it dismissed requests for admission without examining the request and the answers). The use of only the word "denied" is often sufficient under the rule. *Langer*, 966 F.2d at 803. A denial of a Rule 36 request for admission simply leaves the denied proposition in dispute for trial. *Id.* at 805.

Once a party has answered or objected to a response, the requesting party may seek a judicial determination of the sufficiency of the answers and/or the propriety of any objections. *Thalheim v. Eberheim*, 124 F.R.D. 34, 35 (D. Conn. 1988). In evaluating the sufficiency of the answers/objections, the court should consider (1) whether the denial fairly meets the substance of the request; (2) whether good faith requires a qualified denial; and (3) whether any "qualification" which has been supplied is a good faith qualification. *Id.* In considering the sufficiency of responses, this Court has found that "[a]nswers that appear to be non-specific, evasive, ambiguous, or that appear to go to the accuracy of the requested admissions rather than the essential truth contained therein are impermissible and must be amended." *Havenfield*, 67 F.R.D. at 97.

When I consider each of the 43 propounded Requests for Admission in this case, the

Staffords have properly denied each within the meaning of Rule 36, with the exception of Requests 10 and 21 which the Staffords have admitted.  Only Request 16 makes the simple and concise statement of a fact envisioned by the Rule.  The other Requests ask for legal conclusions, are grammatically resistant to a yes or no answer, or ask for the ultimate decision in the case.

The first Request asks the Staffords to admit they "have no written contract . . ."  A written contract can be a series of documents constituting an offer and acceptance.  *See Southeastern Const Co v. Farnham Co.*, 148 F. 619, 620 (3d Cir. 1906).   The Staffords have denied the first Request for Admission sufficiently.  *Langer*, 966 F.2d at 803.

The second Request asks the Staffords to admit 10 separate facts: 1) documents, 2) which are written, 3) guaranteeing, 4) two, 5)seats, 6) on Lawman's, as opposed to some other board, 7) in perpetuity as opposed to some other term, 8) as a condition, 9) of an investment, 10) in Lawman Armor, as opposed to some other company.   Simply denying the request is sufficient and preserves the issue for trial.  *See id.* at 805.

Request three asks the Stafford to attest to the genuineness of a document not of their making.  The Staffords' denial is sufficient.

The Staffords properly denied the fourth Request on grounds it contains undefined terms, does not  relate to the genuineness of the minutes of the referenced board of directors meeting, and does not allow a document to speak for itself.

In reply to Request five, the Staffords admit they have a copy of the "purported By-Laws of Lawman Armor" but properly deny the Request because they cannot state when they received the by-laws.

The Staffords denied the compound Request six which asks the Staffords to admit the

4

contents of the by-laws of Lawman Armor when they initially invested. Their denial on grounds the terms are not defined and the document is not attached is proper. The Request violates the principle requests for admission should be simple and concise. *Havenfield*, 67 F.R.D. at 96.

The seventh Request buries five facts in a single sentence: the contents of the by-laws and a board resolution, the date of the resolution the date the Staffords were elected to the board and the length of the term of the election. The Staffords properly denied the Request as asking for more than one fact.

Any Request for Admission containing an "if . . . then" proposition is grammatically inappropriate for Rule 36 because it would require the respondent to assume facts in dispute. *United Coal*, 839 F.2d at 968 . The Staffords properly denied Request eight.

The Staffords qualify their denial of Request Nine on grounds it contains a presumption the bylaws were in effect on the date stated and contain an incomplete version of the section cited. Their denial is affirmed. *See Dubin*, 125 F.R.D. at 376.

The Staffords admit Request 10 so far as it asks when they sought to amend the company's by-laws, but properly deny the described term of office. No further answer is required.

Request 11 asks the Staffords to deny the Complaint alleges the Staffords were illegally removed from the board. The Staffords denial suffices because the Complaint does, in fact, allege exactly that at Paragraph 46.

When asked to admit or deny they have evidence of self-dealing, the Staffords denied Request 12, preserving the issue for trial. *Langer*, 966 F.2d at 805.

Request 13 asks the same question substituting "alter ego" for "self-dealing." Again, the Stafford denial preserves the issue for trial. *Id.*

Requests 14 and 15 ask the Staffords to admit they have no evidence two board members acted recklessly against the Staffords' interest.  Since a Request cannot ask a party to admit or deny a legal conclusion, the Staffords' denials are proper.  *Disability Rights Council*,  234 F.R.D. at 1.

The Staffords deny the allegation in Request 16 that Stafford Investments, LLC sold its Lawman stock to Lee Tenzer.  A denial is sufficient.  *Langer*, 966 F.2d at 803.

The Staffords have admitted Request 17; no review is required.

Requests 18, 19, and 20 refer to a purported meeting in October 1999 at which the Requests allege "Mr. Vito's involvement in the Elcom litigation was explained."  The Requests call for an admission of an issue in dispute and a denial suffices.  *United Coal*, 839 F.2d at 968.

Request 21 is admitted with qualification.

The Staffords deny Request 22 to admit they never purchased one share of Lawman stock under the Private Placement Memorandum.  Grammatically, the Request is incapable of a coherent response; the purchase of two shares would require a denial.

In response to Request 23, the Staffords deny the only Lawman shares they purchased were from Vito and clarify two other purchases.  The answer needs no further clarification to meet the legal standard.

Requests 24 through 43 ask the Staffords to admit issues in dispute against individual board members.  The Staffords' denial is sufficient.  *United Coal*, 839 F.2d at 968.

In conclusion, I will deny Unbreakable's Motion to Compel more specific answers.  As an aside, I write to express my disappointment – not withstanding my decision on this Motion – more lawyers do not use requests for admission.  Rule 36 is an effective means to pare trial issues in most cases.

An appropriate order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ZEN INVESTMENTS, LLC | : | CIVIL ACTION |
| | : | |
| v. | : | NO. 06-4424 |
| | : | |
| UNBREAKABLE COMPANY et al. | : | |

## **ORDER**

And now this 7th day of October, 2008, Defendants' Motion to Compel (Document 111) is

DENIED.

BY THE COURT:


    \s\ Juan R. Sánchez
    Juan R. Sánchez                    J.

## EXHIBIT A

REQUEST FOR ADMISSION NUMBER ONE

1.      You have no written contract to support your claim for beach of contract [Fourth Claim for Relief in the Complaint] that in exchange for an investment into Lawman Armor two seats on Lawman's Board of Directors would be made available to any Stafford Entity or Affiliate in perpetuity.

PLAINTIFFS' OBJECTIONS AND/OR RESPONSE:

        In addition to the Preliminary Statement and General Objections, plaintiffs object to this Request on the grounds that it misstates and mischaracterizes the allegations and claims in plaintiffs' Complaint.  Plaintiffs further object to this Request as vague and unintelligible, in that among other things, the Request uses undefined terms including "Lawman Armor" and "Lawman's Board of Directors".  Plaintiffs further object to this Request on the grounds that it has been propounded to harass plaintiffs and in violation of 28 U.S.C. § 1927.  Subject to and without waiver of those objections, plaintiffs respond that the Request is DENIED.

REQUEST FOR ADMISSION NUMBER TWO

2.      You have no written documents to support your claim that being guaranteed two seats on Lawman's Board in perpetuity was a condition precedent of any Stafford Entity or Affiliate making an investment in Lawman Armor.

PLAINTIFFS' OBJECTIONS AND/OR RESPONSE:

        In addition to the Preliminary Statement and General Objections, plaintiffs object to this Request on the grounds that it misstates and mischaracterizes the allegations and claims in plaintiffs' Complaint.  Plaintiffs further object to this Request as vague and unintelligible, in that among other things, the Request uses undefined terms including "Lawman Armor" and "Lawman's Board".  Plaintiffs further object to this Request on the grounds that it has been propounded to harass plaintiffs and in violation of 28 U.S.C. § 1927.  Subject to and without waiver of those objections, plaintiffs respond that the Request is DENIED.

REQUEST FOR ADMISSION NUMBER THREE

3.      Attached hereto as Exhibit "A" is a true and correct copy of the minutes of the Board of Directors meeting dated October 20, 1999 at which time John Stafford Jr. and John Stafford III were elected to Lawman's Board of Directors.

PLAINTIFFS' OBJECTIONS AND/OR RESPONSE:

i

In addition to the Preliminary Statement and General Objections, plaintiffs object to this Request.  Plaintiffs further object to this Request as vague and unintelligible, in that among other things, the Request uses undefined terms including "Board of Directors" and "Lawman's Board of Directors".  Plaintiffs further object to this Request on the grounds that it has been propounded to harass plaintiffs and in violation of 28 U.S.C. § 1927.  Subject to and without waiver of those objections, plaintiffs after making a reasonable inquiry, respond that the Request is DENIED.

Among other things, plaintiffs cannot verify that the undated document attached as Exhibit "A" to the Vito Defendants' Requests for Admission and First Set of Interrogatories is a "true and correct" copy of the minutes of the Lawman Armor Corporation's Board of Directors meeting held on October 20, 1999.  Plaintiff deny that the information set forth in that document is a full and accurate reflection of the content and order of events that occurred during the Lawman Armor Corporation's Board of Directors meeting held on October 20, 1999.  Plaintiffs admit that John Stafford Jr. and John Stafford III were elected to the Lawman Armor Corporation's Board of Directors during a meeting of the Lawman Armor Corporation's Board of Directors held on October 20, 1999.

REQUEST FOR ADMISSION NUMBER FOUR

4.      As set forth in the Minutes of the Law Man Board of Directors meeting held on October 20, 1999 attached hereto as Exhibit "A", John Stafford Jr. and John Stafford III were not appointed to Lawman's Board in perpetuity but were rather elected to the Board "to serve as members of the Company's Board of Directors until the Company's next annual meeting or until any successor to such persons are duly elected and qualified to serve on the Company's Board of Directors".

PLAINTIFFS' OBJECTIONS AND/OR RESPONSE:

In addition to the Preliminary Statement and General Objections, plaintiffs object to this Request on the grounds that it misstates and mischaracterizes the allegations and claims in plaintiffs' Complaint and the contents of the above referenced Exhibit "A".  Plaintiffs further object to this Request as vague and unintelligible, in that among other things, the Request uses undefined terms including "Law Man Board of Directors", "Lawman's Board" and "the Board".  Plaintiffs further object to this Request because it attempts to characterize and/or mischaracterize a document, when the document speaks for itself.  Plaintiffs further object to this Request on the grounds that it has been propounded to harass plaintiffs and in violation of 28 U.S.C. § 1927.  Subject to and without waiver of those objections, plaintiffs after making a reasonable inquiry, respond that the Request is DENIED.

REQUEST FOR ADMISSION NUMBER FIVE

5.      Prior to making any investment into Lawman you asked for and received copies of the corporate By-Laws of Lawman Armor.

PLAINTIFFS' OBJECTIONS AND/OR RESPONSE:

In addition to the Preliminary Statement and General Objections, plaintiffs object to this Request on the grounds that it ambiguous, vague and unintelligible. Among other things, the Request uses undefined terms including "Lawman" and "corporate By-Laws of Lawman Armor." In addition, the use of the term "any investment" renders the Request susceptible to multiple meanings, in that the term "any investment" could mean an initial investment or each and every investment. Also, the Request does not indicate who was supposedly asked to provide or who provided the "By-Laws" as referenced. Plaintiffs further object to this Request on the grounds that it has been propounded to harass plaintiffs and in violation of 28 U.S.C. § 1927. Subject to and without waiver of those objections, plaintiffs respond that the Request is DENIED.

By way of further answer, plaintiffs are in possession of a copy of the purported By-Laws of Lawman Armor Corporation, but plaintiffs cannot state with certainty when those By-Laws were first received.

REQUEST FOR ADMISSION NUMBER SIX

6.    At the time you initially invested into Lawman Armor Section 3.02 of the By-Laws provided that if the Board did not pick a different date that the annual meeting of the corporation would be held on April 1st of any given year.

PLAINTIFFS' OBJECTIONS AND/OR RESPONSE:

In addition to the Preliminary Statement and General Objections, plaintiffs object to this Request on the grounds that it ambiguous, vague and unintelligible. Among other things, the Request is grammatically garbled, uses undefined terms (including "annual meeting of the corporation", "Lawman Armor", "By-Laws" and "Board"), and references a document that is not attached to the Vito Defendants' Requests for Admission and First Set of Interrogatories. Plaintiffs further object to this Request because it attempts to characterize and/or mischaracterize a document, when the document speaks for itself. Plaintiffs further object to this Request on the grounds that it has been propounded to harass plaintiffs and in violation of 28 U.S.C. § 1927. Subject to and without waiver of those objections, plaintiffs respond that the Request is DENIED.

Plaintiffs admit that Section 3.02 of the By-Laws of Lawman Armor Corporation, which may have been in effect in or about July 1999, and only to the extent that such a provision is read in context with all other provisions of those By-Laws, stated as follows:

Section 3.02. ANNUAL MEETING. The Board of Directors may fix the date and time of the annual meeting of the shareholders, but if no such date and time is fixed by the board, the meeting for any calendar year shall be held on the first day of April in such year, if not a legal holiday under the laws of Pennsylvania, and, if a legal holiday, then on the next succeeding business day, if not a Saturday, at 10 o'clock

A.M., and at said meeting the shareholders then entitled to vote shall elect directors and shall transact such other business as may properly be brought before the meeting. If the annual meeting shall not have been called and held within six (6) months after the designated time, any shareholder may call the meeting at any time thereafter.

REQUEST FOR ADMISSION NUMBER SEVEN

7.      As per the By-Laws of Lawman Armor Corporation and the Resolutions of the Board made on October, 20, 1999, the date the Staffords were elected to the Board, the initial term of the Staffords membership on the Board of Directors was from October 20, 1999 until April 1, 2000.

PLAINTIFFS' OBJECTIONS AND/OR RESPONSE:

        In addition to the Preliminary Statement and General Objections, plaintiffs object to this Request on the grounds that it mischaracterizes relevant related documents and the allegations and claims in plaintiffs' Complaint. Plaintiffs further object to this Request as vague and unintelligible, in that among other things, the Request uses undefined terms, and references a document that is not attached to the Vito Defendants' Requests for Admission and First Set of Interrogatories and references unspecified "Resolutions of the Board". Plaintiffs further object to this Request because it attempts to characterize and/or mischaracterize a document, when the document speaks for itself. Plaintiffs further object to this Request on the grounds that it has been propounded to harass plaintiffs and in violation of 28 U.S.C. § 1927. Subject to and without waiver of those objections, plaintiffs respond that the Request is DENIED.

REQUEST FOR ADMISSION NUMBER EIGHT

8.      If there was a contractual undertaking by Lawman to guarantee the Stafford Entities or Stafford Affiliates two seats on Lawman's Board in exchange for the Stafford Entities or Affiliates investment into Lawman then the length or duration of that contract was from October 20, 1999 the date the Staffords were elected until April 1, 2000.

PLAINTIFFS' OBJECTIONS AND/OR RESPONSE:

        In addition to the Preliminary Statement and General Objections, plaintiffs object to this Request on the grounds that it ambiguous, vague and unintelligible. Among other things, the Request is grammatically garbled and uses undefined terms. Plaintiffs further object to this Request as argumentative and speculative. Plaintiffs further object to this Request on the grounds that it has been propounded to harass plaintiffs and in violation of 28 U.S.C. § 1927. Subject to and without waiver of those objections, plaintiffs respond that the Request is DENIED.

REQUEST FOR ADMISSION NUMBER NINE

9.      At the time you made any investment into Lawman Armor pursuant to Section 4.03 (b) of

iv

the By Laws of Lawman Armor, the term of office for a director of the corporation was defined to be: "Each director shall hold office until the expiration of the term for which he or she was elected and until a successor has been selected and qualified or until his or earlier death, resignation or removal".

PLAINTIFFS' OBJECTIONS AND/OR RESPONSE:

In addition to the Preliminary Statement and General Objections, plaintiffs object to this Request on the grounds that it mischaracterizes relevant related documents and the allegations and claims in plaintiffs' Complaint. Plaintiffs further object to this Request as vague and unintelligible, in that among other things, the Request uses undefined terms, and references a document that is not attached to the Vito Defendants' Requests for Admission and First Set of Interrogatories and references unspecified "Resolutions of the Board". Plaintiffs further object to this Request because it attempts to characterize a document, when the document speaks for itself, and/or mischaracterize a document. Plaintiffs further object to this Request on the grounds that it has been propounded to harass plaintiffs and in violation of 28 U.S.C. § 1927. Subject to and without waiver of those objections, plaintiffs respond that the Request is DENIED.

Plaintiffs admit that Section 4.03(b) of the By-Laws of Lawman Armor Corporation, which may have been effective in or about July 1999, and only to the extent that such a provision is read in context with all other provisions of those By-Laws, stated as follows:

Section 4.03  NUMBER AND TERM OF OFFICE

\*        \*        \*        \*

(b).  Term of Office.  Each director shall hold office until the expiration of the term for which he or she was elected and until a successor has been selected and qualified or until his or earlier death, resignation or removal.  A decrease in the number of directors shall not have the effect of shortening the term of any incumbent director.

REQUEST FOR ADMISSION TEN

10.    At no time from the Staffords initial appointment to Lawman's Board on October 20, 1999 up to and including December 1, 2002 did the Staffords seek to amend the By Laws of Lawman Armor to provide for a different Term of Office for a director of the company other than the Term of Office set forth in Section 4.03 (b) of the Company's By Laws.

PLAINTIFFS' OBJECTIONS AND/OR RESPONSE:

In addition to the Preliminary Statement and General Objections, plaintiffs object to this Request on the grounds that it ambiguous and vague.  Among other things, the Request uses undefined terms (including but not limited to "seek"), references a document that is not attached to the Vito Defendants' Requests for Admission and First Set of Interrogatories, and purports to quote from such a document.  Plaintiffs further object to this Request on the grounds that it has been

v

propounded to harass plaintiffs and in violation of 28 U.S.C. § 1927. Subject to and without waiver of those objections, plaintiffs respond that the Request: (a) is DENIED to the extent the Request is intended to suggest or imply that the Staffords or the parties agreed that the Staffords' representation on the Board of Directors for Lawman Armor Corporation would not extend beyond the time period set forth in section 4.03(b) of the Lawman Armor Corporation's ByLaws; and (b) is otherwise ADMITTED.

REQUEST FOR ADMISSION NUMBER ELEVEN

11.     There are no allegations in the Complaint filed by Plaintiffs in Civil Action No. 06 CV 1112 that the Staffords were illegally removed from Lawman's Board of Directors.

PLAINTIFFS' OBJECTIONS AND/OR RESPONSE:

        In addition to the Preliminary Statement and General Objections, plaintiffs object to this Request on the grounds that it misstates and mischaracterizes the allegations and claims in plaintiffs' Complaint and the complaint filed in Zen Investments, LLC v. Unbreakable Lock Company, C.A. No. 06-cv-1112-JS (E.D. Pa.). Plaintiffs further object to this Request as vague and unintelligible, in that among other things, the Request uses undefined terms including "Staffords" and "Lawman's Board of Directors". Plaintiffs further object to this Request because it attempts to characterize a document, when the document speaks for itself. Plaintiffs further object to this Request on the grounds that it has been propounded to harass plaintiffs and in violation of 28 U.S.C. § 1927. Subject to and without waiver of those objections, plaintiffs respond that the Request is DENIED.

REQUEST FOR ADMISSION NUMBER TWELVE

12.     You have no evidence that Defendant Vito operated Lawman Armor and/or Unbreakable Lock Company "for his own personal benefit" as alleged in paragraph 88 of your Complaint.

PLAINTIFFS' OBJECTIONS AND/OR RESPONSE:

        In addition to the Preliminary Statement and General Objections, plaintiffs object to this Request on the grounds that it misstates and mischaracterizes the allegations and claims in plaintiffs' Complaint. Plaintiffs further object to this Request as vague and unintelligible, in that among other things, the Request uses undefined terms including "Lawman Armor". Plaintiffs further object to this Request because it attempts to characterize a document, when the document speaks for itself. Plaintiffs further object to this Request on the grounds that it has been propounded to harass plaintiffs and in violation of 28 U.S.C. § 1927. Subject to and without waiver of those objections, plaintiffs respond that the Request is DENIED.

REQUEST FOR ADMISSION NUMBER THIRTEEN

13.     You have no evidence that Defendant Vito operated Lawman Armor and/or Unbreakable

Lock Company as an "alter ego" as alleged in paragraph 88 of your Complaint.

PLAINTIFFS' OBJECTIONS AND/OR RESPONSE:

In addition to the Preliminary Statement and General Objections, plaintiffs object to this Request on the grounds that it misstates and mischaracterizes the allegations and claims in plaintiffs' Complaint. Plaintiffs further object to this Request as vague and unintelligible, in that among other things, the Request uses undefined terms including "Lawman Armor". Plaintiffs further object to this Request because it attempts to characterize a document, when the document speaks for itself. Plaintiffs further object to this Request on the grounds that it has been propounded to harass plaintiffs and in violation of 28 U.S.C. § 1927. Subject to and without waiver of those objections, plaintiffs respond that the Request is DENIED.

REQUEST FOR ADMISSION NUMBER FOURTEEN

14.     You have no evidence that Defendant Smith in his capacity as a Lawman director acted maliciously, and/or wantonly, and/or recklessly as alleged in paragraph 97 of your Complaint.

PLAINTIFFS' OBJECTIONS AND/OR RESPONSE:

In addition to the Preliminary Statement and General Objections, plaintiffs object to this Request on the grounds that it misstates and mischaracterizes the allegations and claims in plaintiffs' Complaint. Plaintiffs further object to this Request as vague and unintelligible, in that among other things, the Request uses undefined terms including "Lawman director". Plaintiffs further object to this Request because it attempts to characterize a document, when the document speaks for itself. Plaintiffs further object to this Request on the grounds that it has been propounded to harass plaintiffs and in violation of 28 U.S.C. § 1927. Subject to and without waiver of those objections, plaintiffs respond that the Request is DENIED.

REQUEST FOR ADMISSION NUMBER FIFTEEN

15.     You have no evidence that Defendant Powell in his capacity as a Lawman director acted maliciously, and/or wantonly, and/or recklessly as alleged in paragraph 97 of your Complaint.

PLAINTIFFS' OBJECTIONS AND/OR RESPONSE:

In addition to the Preliminary Statement and General Objections, plaintiffs object to this Request on the grounds that it misstates and mischaracterizes the allegations and claims in plaintiffs' Complaint. Plaintiffs further object to this Request as vague and unintelligible, in that among other things, the Request uses undefined terms including "Lawman director". Plaintiffs further object to this Request because it attempts to characterize a document, when the document speaks for itself.

vii

Plaintiffs further object to this Request on the grounds that it has been propounded to harass plaintiffs and in violation of 28 U.S.C. § 1927.  Subject to and without waiver of those objections respond that the Request is DENIED.

REQUEST FOR ADMISSION NUMBER SIXTEEN

16.    Stafford Investments LLC sold all of its Lawman stock to Mr. Lee Tenzer.

PLAINTIFFS' OBJECTIONS AND/OR RESPONSE:

In addition to the Preliminary Statement and General Objections, plaintiffs object to this Request as vague and unintelligible, in that among other things, the Request uses undefined terms including "Lawman stock".  Subject to and without waiver of those objections, plaintiffs respond that the Request is DENIED.

REQUEST FOR ADMISSION NUMBER SEVENTEEN

17.    At no time subsequent to your receipt of the Lawman PPM in July of 1999 and prior to any investment you made into Lawman up to and including December 1, 2002 did you ask Lawman and/or Defendant Vito to confirm the representation in the PPM that no Lawman officer and/or director and/or shareholder was engaged in litigation.

PLAINTIFFS' OBJECTIONS AND/OR RESPONSE:

In addition to the Preliminary Statement and General Objections, plaintiffs object to this Request.  Plaintiffs further object to this Request as vague and unintelligible, in that among other things, the Request uses undefined terms including "Lawman PPM" and "Lawman".  Plaintiffs further object to this Request on the grounds that it has been propounded to harass plaintiffs and in violation of 28 U.S.C. § 1927.  Subject to and without waiver of those objections, plaintiffs respond that the Request is ADMITTED.

REQUEST FOR ADMISSION NUMBER EIGHTEEN

18.    You have no evidence that controverts the statements of Humbert Powell in the Declaration he gave on February 11, 2005 attached as Exhibit "G" to the Motion for Summary Judgment filed by Defendant Vito in case No. 04-3182 that Mr. Vito's involvement in the Elcom litigation was explained to John Stafford Jr. and John Stafford III at a meeting in Mr. Powell's office conducted on October 20, 1999.

PLAINTIFFS' OBJECTIONS AND/OR RESPONSE:

In addition to the Preliminary Statement and General Objections, plaintiffs object to this Request as vague and unintelligible, in that among other things, the Request uses undefined terms

including "Elcom litigation" and "explained", and references a document that is not attached to the Vito Defendants' Requests for Admission and First Set of Interrogatories and further references unspecified statements within that referenced document.  Plaintiffs further object to this Request because it attempts to characterize a document, when the document speaks for itself.  Plaintiffs further object to this Request on the grounds that it has been propounded to harass plaintiffs and in violation of 28 U.S.C. § 1927.  Subject to and without waiver of those objections, plaintiffs respond that the Request is DENIED.

REQUEST FOR ADMISSION NUMBER NINETEEN

19.    You have no evidence that controverts the statements of Joshua Smith in the Declaration he gave on February 12, 2005 attached as Exhibit "H" to the Motion for Summary Judgment filed by Defendant Vito in case No. 04-3182 that Mr. Vito's involvement in the Elcom litigation was explained to John Stafford Jr. and John Stafford III at a meeting in Mr. Powell's office conducted on October 20, 1999 at which time Mr. Smith was seated next to John Stafford Jr.

PLAINTIFFS' OBJECTIONS AND/OR RESPONSE:

    In addition to the Preliminary Statement and General Objections, plaintiffs object to this Request as vague and unintelligible, in that among other things, the Request uses undefined terms including "Elcom litigation" and "explained", and references a document that is not attached to the Vito Defendants' Requests for Admission and First Set of Interrogatories and further references unspecified statements within that referenced document.  Plaintiffs further object to this Request because it attempts to characterize a document, when the document speaks for itself.  Plaintiffs further object to this Request on the grounds that it has been propounded to harass plaintiffs and in violation of 28 U.S.C. § 1927.  Subject to and without waiver of those objections, plaintiffs respond that the Request is DENIED.

REQUEST FOR ADMISSION NUMBER TWENTY

20.    You have no evidence that controverts the statements of Robert Blessy, Esquire in the Declaration he gave on February 23, 2005 attached as Exhibit "J" to the Motion for Summary Judgment filed by Defendant Vito in case No. 04-3182 that Mr. Vito's involvement in the Elcom litigation was explained to John Stafford Jr. and John Stafford III at a meeting in Mr. Powell's office conducted on October 20, 1999.

PLAINTIFFS' OBJECTIONS AND/OR RESPONSE:

    In addition to the Preliminary Statement and General Objections, plaintiffs object to this Request as vague and unintelligible, in that among other things, the Request uses undefined terms including "Elcom litigation" and "explained", and references a document that is not attached to the Vito Defendants' Requests for Admission and First Set of Interrogatories, and further references

unspecified statements within that referenced document. Plaintiffs further object to this Request in that it erroneously references an individual named "Robert Blessy", as opposed to presumably, "Robert Blessey". Plaintiffs further object to this Request because it attempts to characterize a document, when the document speaks for itself. Plaintiffs further object to this Request on the grounds that it has been propounded to harass plaintiffs and in violation of 28 U.S.C. § 1927. Subject to and without waiver of those objections, plaintiffs respond that the Request is DENIED.

REQUEST FOR ADMISSION TWENTY ONE

21.    To date neither you nor counsel acting on your behalf has filed a Complaint against Robert Blessy in any office that regulates the ethical conduct for lawyers regarding the truthfulness of the statements made by attorney Blessy in his Declaration as referenced in Request Twenty above.

PLAINTIFFS' OBJECTIONS AND/OR RESPONSE:

        In addition to the Preliminary Statement and General Objections, plaintiffs object to this Request. Plaintiffs further object to this Request as vague and unintelligible, in that among other things, the Request uses undefined terms including "Complaint", "Private Placement" and "Lawman". Plaintiffs further object to this Request in that it erroneously references an individual named "Robert Blessy". Plaintiffs further object to this Request on the grounds that it has been propounded to harass plaintiffs and in violation of 28 U.S.C. § 1927. Subject to and without waiver of those objections, plaintiffs respond that the Request is ADMITTED.

REQUEST FOR ADMISSION TWENTY TWO

22.    Stafford Investments LLC did not purchase one share of Lawman stock under the Private Placement issued by Lawman in July 1999.

PLAINTIFFS' OBJECTIONS AND/OR RESPONSE:

        In addition to the Preliminary Statement and General Objections, plaintiffs object to this Request. Plaintiffs further object to this Request as vague and unintelligible, in that among other things, the Request uses undefined terms including "under", "Lawman stock", "Private Placement" and "Lawman". Plaintiffs further object to this Request on the grounds that it has been propounded to harass plaintiffs and in violation of 28 U.S.C. § 1927. Subject to and without waiver of those objections, plaintiffs respond that the Request is DENIED.

REQUEST FOR ADMISSION TWENTY THREE

23.    The only Lawman stock purchased by Stafford Investments LLC was the stock Stafford Investments LLC purchased directly from Robert Vito on July 7, 2000.

x

PLAINTIFFS' OBJECTIONS AND/OR RESPONSE:

In addition to the Preliminary Statement and General Objections, plaintiffs object to this Request.  Plaintiffs further object to this Request as vague and unintelligible, in that among other things, the Request uses undefined terms including "Lawman stock".  Plaintiffs further object to this Request on the grounds that it has been propounded to harass plaintiffs and in violation of 28 U.S.C. § 1927.  Subject to and without waiver of those objections, plaintiffs after making a reasonable inquiry, respond that the Request is DENIED.

Notwithstanding the foregoing, plaintiffs admit that Stafford Investments LLC purchased shares of Lawman Armor Corporation's common stock on or about December 10, 1999, July 7, 2000 and January 27, 2003.

REQUEST FOR ADMISSION TWENTY FOUR

24.      You have no evidence that Defendant Levov in his capacity as a Lawman director acted maliciously, and/or wantonly, and/or recklessly as alleged in paragraph 97 of your Complaint.

PLAINTIFFS' OBJECTIONS AND/OR RESPONSE:

In addition to the Preliminary Statement and General Objections, plaintiffs object to this Request on the grounds that it misstates and mischaracterizes the allegations and claims in plaintiffs' Complaint.  Plaintiffs further object to this Request because it attempts to characterize a document, when the document speaks for itself.  Plaintiffs further object to this Request on the grounds that it has been propounded to harass plaintiffs and in violation of 28 U.S.C. § 1927.  Subject to and without waiver of those objections, plaintiffs after making a reasonable inquiry, respond that the Request is DENIED.

REQUEST FOR ADMISSION TWENTY FIVE

25.      You have no evidence that Defendant Cunningham in his capacity as Lawman CFO acted maliciously, and/or wantonly, and/or recklessly as alleged in paragraph 97 of your Complaint.

PLAINTIFFS' OBJECTIONS AND/OR RESPONSE:

In addition to the Preliminary Statement and General Objections, plaintiffs object to this Request on the grounds that it misstates and mischaracterizes the allegations and claims in plaintiffs' Complaint.  Plaintiffs further object to this Request because it attempts to characterize a document, when the document speaks for itself.  Plaintiffs further object to this Request on the grounds that it has been propounded to harass plaintiffs and in violation of 28 U.S.C. § 1927.  Subject to and without waiver of those objections, plaintiffs after making a reasonable inquiry, respond that the Request is DENIED.

REQUEST FOR ADMISSION TWENTY SIX

26.     You have no evidence that Defendant Cunningham received "additional equity in the Corporation for little or no value" as alleged in paragraph 93(b) of your Complaint.

PLAINTIFFS' OBJECTIONS AND/OR RESPONSE:

In addition to the Preliminary Statement and General Objections, plaintiffs object to this Request on the grounds that it misstates and mischaracterizes the allegations and claims in plaintiffs' Complaint.  Plaintiffs further object to this Request because it attempts to characterize a document, when the document speaks for itself.  Plaintiffs further object to this Request on the grounds that it has been propounded to harass plaintiffs and in violation of 28 U.S.C. § 1927.  Subject to and without waiver of those objections, plaintiffs after making a reasonable inquiry, respond that the Request is DENIED.

REQUEST FOR ADMISSION TWENTY SEVEN

27.     You have no evidence that Defendant Smith received "additional equity in the Corporation for little or no value" as alleged in paragraph 93(b) of your Complaint.

PLAINTIFFS' OBJECTIONS AND/OR RESPONSE:

In addition to the Preliminary Statement and General Objections, plaintiffs object to this Request on the grounds that it misstates and mischaracterizes the allegations and claims in plaintiffs' Complaint.  Plaintiffs further object to this Request because it attempts to characterize a document, when the document speaks for itself.  Plaintiffs further object to this Request on the grounds that it has been propounded to harass plaintiffs and in violation of 28 U.S.C. § 1927.  Subject to and without waiver of those objections, plaintiffs after making a reasonable inquiry, respond that the Request is DENIED.

REQUEST FOR ADMISSION TWENTY EIGHT

28.     You have no evidence that Defendant Smith received "additional equity in the Corporation for little or no value" as alleged in paragraph 93(b) of your Complaint.

PLAINTIFFS' OBJECTIONS AND/OR RESPONSE:

In addition to the Preliminary Statement and General Objections, plaintiffs object to this Request on the grounds that it has been propounded to harass plaintiffs and in violation of 28 U.S.C. § 1927.  This Request is identical to REQUEST FOR ADMISSION TWENTY SEVEN.

xii

Notwithstanding the foregoing, Plaintiffs incorporate by reference PLAINTIFFS' OBJECTIONS AND/OR RESPONSE made above in response to REQUEST FOR ADMISSION NUMBER TWENTY SEVEN.  Subject to and without waiver of those objections, plaintiffs respond that the Request is DENIED.

REQUEST FOR ADMISSION TWENTY NINE

29.    You have no evidence that Defendant Powell received "additional equity in the Corporation for little or no value" as alleged in paragraph 93(b) of your Complaint.

PLAINTIFFS' OBJECTIONS AND/OR RESPONSE:

In addition to the Preliminary Statement and General Objections, plaintiffs object to this Request on the grounds that it misstates and mischaracterizes the allegations and claims in plaintiffs' Complaint.  Plaintiffs further object to this Request because it attempts to characterize a document, when the document speaks for itself.  Plaintiffs further object to this Request on the grounds that it has been propounded to harass plaintiffs and in violation of 28 U.S.C. § 1927.  Subject to and without waiver of those objections, plaintiffs after making a reasonable inquiry, respond that the Request is DENIED.

REQUEST FOR ADMISSION THIRTY

30.    You have no evidence that Defendant Levov received "additional equity in the Corporation for little or no value" as alleged in paragraph 93(b) of your Complaint.

PLAINTIFFS' OBJECTIONS AND/OR RESPONSE:

In addition to the Preliminary Statement and General Objections, plaintiffs object to this Request on the grounds that it misstates and mischaracterizes the allegations and claims in plaintiffs' Complaint.  Plaintiffs further object to this Request because it attempts to characterize a document, when the document speaks for itself.  Plaintiffs further object to this Request on the grounds that it has been propounded to harass plaintiffs and in violation of 28 U.S.C. § 1927.  Subject to and without waiver of those objections, plaintiffs after making a reasonable inquiry, respond that the Request is DENIED.

REQUEST FOR ADMISSION THIRTY ONE

31.    You have no evidence that Defendant Cunningham "engaged in a variety of self dealing transactions" as alleged in paragraph 93(d) of your Complaint.

PLAINTIFFS' OBJECTIONS AND/OR RESPONSE:

In addition to the Preliminary Statement and General Objections, plaintiffs object to this Request on the grounds that it misstates and mischaracterizes the allegations and claims in plaintiffs' Complaint. Plaintiffs further object to this Request because it attempts to characterize a document, when the document speaks for itself. Among other things, defendants mischaracterize paragraph 93 of the Complaint, which is part of a breach of fiduciary claim against all of the defendants and which lists some ten examples of defendants' collective misconduct. Plaintiffs further object to this Request on the grounds that it has been propounded to harass plaintiffs and in violation of 28 U.S.C. § 1927. Subject to and without waiver of those objections, plaintiffs after making a reasonable inquiry state they lack sufficient information to admit or deny that defendant Cunningham engaged in a variety of self dealing transactions in accord with paragraph 93(d) of the Complaint, but plaintiffs make no admissions as to other misconduct which is enumerated or not specifically enumerated by paragraph 93 of the Complaint.

REQUEST FOR ADMISSION THIRTY TWO

32.     You have no evidence that Defendant Powell "engaged in a variety of self dealing transactions" as alleged in paragraph 93(d) of your Complaint.

PLAINTIFFS' OBJECTIONS AND/OR RESPONSE:

In addition to the Preliminary Statement and General Objections, plaintiffs object to this Request on the grounds that it misstates and mischaracterizes the allegations and claims in plaintiffs' Complaint. Plaintiffs further object to this Request because it attempts to characterize a document, when the document speaks for itself. Plaintiffs further object to this Request on the grounds that it has been propounded to harass plaintiffs and in violation of 28 U.S.C. § 1927. Subject to and without waiver of those objections, plaintiffs after making a reasonable inquiry, respond that the Request is DENIED.

REQUEST FOR ADMISSION THIRTY THREE

33.     You have no evidence that Defendant Smith "engaged in a variety of self dealing transactions" as alleged in paragraph 93(d) of your Complaint.

PLAINTIFFS' OBJECTIONS AND/OR RESPONSE:

In addition to the Preliminary Statement and General Objections, plaintiffs object to this Request on the grounds that it misstates and mischaracterizes the allegations and claims in plaintiffs' Complaint. Plaintiffs further object to this Request because it attempts to characterize a document, when the document speaks for itself. Plaintiffs further object to this Request on the grounds that it has been propounded to harass plaintiffs and in violation of 28 U.S.C. § 1927. Subject to and without waiver of those objections, plaintiffs after making a reasonable inquiry, respond that the Request is DENIED.

REQUEST FOR ADMISSION THIRTY FOUR

34.     You have no evidence that Defendant Levov "engaged in a variety of self dealing transactions" as alleged in paragraph 93(d) of your Complaint.

PLAINTIFFS' OBJECTIONS AND/OR RESPONSE:

        In addition to the Preliminary Statement and General Objections, plaintiffs object to this Request on the grounds that it misstates and mischaracterizes the allegations and claims in plaintiffs' Complaint.  Plaintiffs further object to this Request because it attempts to characterize a document, when the document speaks for itself.  Plaintiffs further object to this Request on the grounds that it has been propounded to harass plaintiffs and in violation of 28 U.S.C. § 1927.  Subject to and without waiver of those objections, plaintiffs after making a reasonable inquiry, respond that the Request is DENIED.

REQUEST FOR ADMISSION THIRTY FIVE

35.     You have no evidence that Defendant Cunningham "usurped corporate intellectual property opportunities" as alleged in paragraph 93(f) of your Complaint.

PLAINTIFFS' OBJECTIONS AND/OR RESPONSE:

        In addition to the Preliminary Statement and General Objections, plaintiffs object to this Request on the grounds that it misstates and mischaracterizes the allegations and claims in plaintiffs' Complaint.  Plaintiffs further object to this Request because it attempts to characterize a document, when the document speaks for itself.  Among other things, defendants mischaracterize paragraph 93 of the Complaint, which is part of a breach of fiduciary claim against all of the defendants and which lists some ten examples of defendants' collective misconduct.  Plaintiffs further object to this Request on the grounds that it has been propounded to harass plaintiffs and in violation of 28 U.S.C. § 1927.  Subject to and without waiver of those objections, plaintiffs after making a reasonable inquiry state they lack sufficient information to admit or deny that defendant Cunningham usurped corporate intellectual property opportunities in accord with paragraph 93(f) of the Complaint, but plaintiffs make no admissions as to other misconduct which is enumerated or not specifically enumerated by paragraph 93 of the Complaint.

REQUEST FOR ADMISSION THIRTY SIX

36.     You have no evidence that Defendant Powell "usurped corporate intellectual property opportunities" as alleged in paragraph 93(f) of your Complaint.

PLAINTIFFS' OBJECTIONS AND/OR RESPONSE:

        In addition to the Preliminary Statement and General Objections, plaintiffs object to this

xv

Request on the grounds that it misstates and mischaracterizes the allegations and claims in plaintiffs' Complaint. Plaintiffs further object to this Request because it attempts to characterize a document, when the document speaks for itself. Plaintiffs further object to this Request on the grounds that it has been propounded to harass plaintiffs and in violation of 28 U.S.C. § 1927. Subject to and without waiver of those objections, plaintiffs after making a reasonable inquiry, respond that the Request is DENIED.

REQUEST FOR ADMISSION THIRTY SEVEN

37.     You have no evidence that Defendant Smith "usurped corporate intellectual property opportunities" as alleged in paragraph 93(f) of your Complaint.

PLAINTIFFS' OBJECTIONS AND/OR RESPONSE:

        In addition to the Preliminary Statement and General Objections, plaintiffs object to this Request on the grounds that it misstates and mischaracterizes the allegations and claims in plaintiffs' Complaint. Plaintiffs further object to this Request because it attempts to characterize a document, when the document speaks for itself. Plaintiffs further object to this Request on the grounds that it has been propounded to harass plaintiffs and in violation of 28 U.S.C. § 1927. Subject to and without waiver of those objections, plaintiffs after making a reasonable inquiry, respond that the Request is DENIED.

REQUEST FOR ADMISSION THIRTY EIGHT

38.     You have no evidence that Defendant Levov "usurped corporate intellectual property opportunities" as alleged in paragraph 93(f) of your Complaint.

PLAINTIFFS' OBJECTIONS AND/OR RESPONSE:

        In addition to the Preliminary Statement and General Objections, plaintiffs object to this Request on the grounds that it misstates and mischaracterizes the allegations and claims in plaintiffs' Complaint. Plaintiffs further object to this Request because it attempts to characterize a document, when the document speaks for itself. Plaintiffs further object to this Request on the grounds that it has been propounded to harass plaintiffs and in violation of 28 U.S.C. § 1927. Subject to and without waiver of those objections, plaintiffs after making a reasonable inquiry, respond that the Request is DENIED.

REQUEST FOR ADMISSION THIRTY NINE

39.     You have no evidence that Defendant Vito "usurped corporate intellectual property opportunities" as alleged in paragraph 93(f) of your Complaint.

PLAINTIFFS' OBJECTIONS AND/OR RESPONSE:

In addition to the Preliminary Statement and General Objections, plaintiffs object to this Request on the grounds that it misstates and mischaracterizes the allegations and claims in plaintiffs' Complaint.  Plaintiffs further object to this Request because it attempts to characterize a document, when the document speaks for itself.  Plaintiffs further object to this Request on the grounds that it has been propounded to harass plaintiffs and in violation of 28 U.S.C. § 1927.  Subject to and without waiver of those objections, plaintiffs after making a reasonable inquiry, respond that the Request is DENIED.

REQUEST FOR ADMISSION FORTY

40.    You have no evidence that Defendant Cunningham "fraudulently induced Plaintiffs to invest in the Corporation by concealing pending securities fraud litigation in which Defendant Vito was involved" as alleged in paragraph 93(g) of your Complaint.

PLAINTIFFS' OBJECTIONS AND/OR RESPONSE:

In addition to the Preliminary Statement and General Objections, plaintiffs object to this Request on the grounds that it misstates and mischaracterizes the allegations and claims in plaintiffs' Complaint.  Plaintiffs further object to this Request because it attempts to characterize a document, when the document speaks for itself.  Plaintiffs further object to this Request on the grounds that it has been propounded to harass plaintiffs and in violation of 28 U.S.C. § 1927.  Subject to and without waiver of those objections, plaintiffs after making a reasonable inquiry, respond that the Request is DENIED.

Among other things, defendants mischaracterize paragraph 93 of the Complaint, which is part of a breach of fiduciary claim against all of the defendants and which lists some ten examples of defendants' collective misconduct.  Accordingly, plaintiffs admit that defendant Cunningham did not fraudulently induce plaintiffs to invest in accord with paragraph 93(g) of the Complaint, but make no admissions as to other misconduct which is enumerated or not specifically enumerated by paragraph 93 of the Complaint.

REQUEST FOR ADMISSION FORTY ONE

41.    You have no evidence that Defendant Powell "fraudulently induced Plaintiffs to invest in the Corporation by concealing pending securities fraud litigation in which Defendant Vito was involved" as alleged in paragraph 93(g) of your Complaint.

PLAINTIFFS' OBJECTIONS AND/OR RESPONSE:

In addition to the Preliminary Statement and General Objections, plaintiffs object to this Request on the grounds that it misstates and mischaracterizes the allegations and claims in plaintiffs' Complaint.  Plaintiffs further object to this Request because it attempts to characterize a document, when the document speaks for itself.  Plaintiffs further object to this Request on the grounds that it

has been propounded to harass plaintiffs and in violation of 28 U.S.C. § 1927. Subject to and without waiver of those objections, plaintiffs after making a reasonable inquiry, respond that the Request is DENIED.

By way of further response, plaintiffs state that during the deposition of defendant Joshua Smith in this litigation Mr. Smith admitted to the existence of additional litigation that had been concealed from plaintiffs. This litigation included a bankruptcy adversary action filed by the trustee against the 401k trustees of the Maxima Corporation (Adversary Proceeding #99-01157, Bankr. D. Md.), which included Mr. Smith and his wife, Jacqueline Jones Smith, a businesswomen and former high-ranking government official. Mr. Smith admitted that the existence of this litigation was known by defendants Vito and Powell, attorney Robert Blessey and others. In addition, Mr. Smith also concealed other litigation that was pending at the time that plaintiffs first invested in Lawman Armor Corporation, including Maryland Minority Contract, et al. v. Maryland Stadium, et al., No. 97-00513-CCB, D. Md. and Maryland Minority Contract, et al. v. Maryland Stadium, et al., No. 98-2628, 4th Cir., as well as numerous federal and state tax liens.

REQUEST FOR ADMISSION FORTY TWO

42.     You have no evidence that Defendant Smith "fraudulently induced Plaintiffs to invest in the Corporation by concealing pending securities fraud litigation in which Defendant Vito was involved" as alleged in paragraph 93(g) of your Complaint.

PLAINTIFFS' OBJECTIONS AND/OR RESPONSE:

In addition to the Preliminary Statement and General Objections, plaintiffs object to this Request on the grounds that it misstates and mischaracterizes the allegations and claims in plaintiffs' Complaint. Plaintiffs further object to this Request because it attempts to characterize a document, when the document speaks for itself. Plaintiffs further object to this Request on the grounds that it has been propounded to harass plaintiffs and in violation of 28 U.S.C. § 1927. Subject to and without waiver of those objections, plaintiffs after making a reasonable inquiry, respond that the Request is DENIED.

By way of further response, plaintiffs state that during the deposition of defendant Joshua Smith in this litigation Mr. Smith admitted to the existence of additional litigation that had been concealed from plaintiffs. This litigation included a bankruptcy adversary action filed by the trustee against the 401k trustees of the Maxima Corporation (Adversary Proceeding #99-01157, Bankr. D. Md.), which included Mr. Smith and his wife, Jacqueline Jones Smith, a businesswomen and former high-ranking government official. Mr. Smith admitted that the existence of this litigation was known by defendants Vito and Powell, attorney Robert Blessey and others. In addition, Mr. Smith also concealed other litigation that was pending at the time that plaintiffs first invested in Lawman Armor Corporation, including Maryland Minority Contract, et al. v. Maryland Stadium, et al., No.

xviii

97-00513-CCB, D. Md. and Maryland Minority Contract, et al. v. Maryland Stadium, et al., No. 98-2628, 4th Cir., as well as numerous federal and state tax liens.


REQUEST FOR ADMISSION FORTY THREE

43.    You have no evidence that Defendant Levov "fraudulently induced Plaintiffs to invest in the Corporation by concealing pending securities fraud litigation in which Defendant Vito was involved" as alleged in paragraph 93(g) of your Complaint.

PLAINTIFFS' OBJECTIONS AND/OR RESPONSE:

        In addition to the Preliminary Statement and General Objections, plaintiffs object to this Request on the grounds that it misstates and mischaracterizes the allegations and claims in plaintiffs' Complaint.  Plaintiffs further object to this Request because it attempts to characterize a document, when the document speaks for itself.  Plaintiffs further object to this Request on the grounds that it has been propounded to harass plaintiffs and in violation of 28 U.S.C. § 1927.  Subject to and without waiver of those objections, plaintiffs after making a reasonable inquiry, respond that the Request is DENIED.

        By way of further response, plaintiffs state that during the deposition of defendant Joshua Smith in this litigation Mr. Smith admitted to the existence of additional litigation that had been concealed from plaintiffs.  This litigation included a bankruptcy adversary action filed by the trustee against the 401k trustees of the Maxima Corporation (Adversary Proceeding #99-01157, Bankr. D. Md.), which included Mr. Smith and his wife, Jacqueline Jones Smith, a businesswomen and former high-ranking government official.  Mr. Smith admitted that the existence of this litigation was known by defendants Vito and Powell, attorney Robert Blessey and others.  In addition, Mr. Smith also concealed other litigation that was pending at the time that plaintiffs first invested in Lawman Armor Corporation, including Maryland Minority Contract, et al. v. Maryland Stadium, et al., No. 97-00513-CCB, D. Md. and Maryland Minority Contract, et al. v. Maryland Stadium, et al., No. 98-2628, 4th Cir., as well as numerous federal and state tax liens.